IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MILLER INDUSTRIES, Inc., | ) | CIVIL NO.  CV08-00464 SOM LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| A & H PARKING, INC. dba EASY | ) | |
| PARK USA, ALBERT DE LINT; | ) | |
| ARIE DE LINT; LES SOUDURES | ) | |
| MULTI-TECH, INC.; JOHN DOES | ) | |
| 1-10; DOE PARTNERSHIPS 1-10; | ) | |
| DOE CORPORATIONS 1-10; AND | ) | |
| DOE OTHER ENTITIES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS A & H PARKING, INC. dba EASY PARK USA,
ALBERT DE LINT, ARIE DE LINT, AND LES SOUDURES MULTI-TECH, INC.**

On October 15, 2008, Plaintiff MILLER INDUSTRIES, INC.

("Plaintiff"), by and through its attorneys, Lyle S. Hosoda &

Associates, LLC, filed this action for damages against Defendants

A & H PARKING, INC., doing business as EASY PARK USA ("Defendant

A & H"), ALBERT DE LINT ("Defendant Albert D."), ARIE DE LINT

("Defendant Arie D."), and LES SOUDURES MULTI-TECH, INC.

("Defendant LSMTI") (collectively "Defendants"), alleging claims

of breach of contract, products liability, strict products

liability, misrepresentation, and agency.

This action arises under, and the district court has jurisdiction under, 28 U.S.C. §1332(a)(1).

On October 29, 2009, Plaintiff filed a Motion for Default Judgment Against Defendants A & H Parking, Inc. dba Easy Park USA, Albert De Lint, Arie De Lint, and Les Soudures Multi-Tech, Inc. ("Motion"), seeking to recover a money judgment in the amount of NINETY-FIVE THOUSAND SEVEN HUNDRED SIXTY-ONE AND 97-100 DOLLARS ($95,761.97), which includes Special Damages in the amount of $95,050.38 and costs in the amount of $711.59. Defendants did not file a response to the Motion. Plaintiff's Motion came on for hearing on November 30, 2009, before the Honorable Leslie E. Kobayashi, due notice of said hearing having been provided to Defendants. Lyle S. Hosoda, Esq., appeared on behalf of Plaintiff. Three calls were made, but no one appeared on behalf of Defendants.

## DEFAULT JUDGMENT

Having obtained entries of default against Defendants, Plaintiff now seeks default judgment pursuant to Fed. R. Civ. P. 55(b)(2). "'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). However, a plaintiff who obtains a entry of default is not

-2-

entitled to default judgment as a matter of right.  See Warner
Bros. Entm't Inc. v. Caridi, 346 F. Supp. 2d 1068, 1071 (C.D.
Cal. 2004).  Default judgments are disfavored; cases should be
decided on the merits if possible.  See In re Roxford Foods,
Inc., 12 F.3d 875, 879 (9th Cir. 1993).  Thus, "any doubts as to
the propriety of a default are usually resolved against the party
seeking a default judgment."  VonGrabe v. Sprint PCS, 312 F.
Supp. 2d 1313, 1319 (S.D. Cal. 2004) (citing Pena v. Seguros La
Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)).

            In determining whether to grant default judgment,
courts should consider the following factors:

>            (1) the possibility of prejudice to the plaintiff,
>            (2) the merits of the plaintiff's substantive
>            claim,
>            (3) the sufficiency of the complaint,
>            (4) the sum of money at stake in the action,
>            (5) the possibility of a dispute concerning
>            material facts,
>            (6) whether the default was due to excusable
>            neglect, and
>            (7) the strong policy underlying the Federal Rules
>            of Civil Procedure favoring decisions on the
>            merits.

Warner Bros., 346 F. Supp. 2d at 1071-72 (quoting Eitel v.
McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986)).  In addition, a
court can deny default judgment where the defendant has appeared
and actively defends against the plaintiff's claims.  See
VonGrabe, 312 F. Supp. 2d at 1319.

            Having considered all of the relevant factors, this
Court CONCLUDES that default judgment is warranted in this case.

## FINDINGS

Having reviewed Plaintiff's Motion, the attached Declarations, and the exhibits thereto, and the record established in this action, this Court FINDS as follows:

1.  Plaintiff is and was at all times relevant herein a corporation organized and existing under the laws of the State of Hawai`i, with its principal place of business located in Honolulu, Hawai`i.

2.  Defendant A & H is and was at all times relevant herein a corporation organized and existing under the laws of the State of New York, with its principle place of business located in Woodside, New York.

3.  Defendant Albert D. is and was at all times relevant herein a resident of Woodside, New York.

4.  Defendant Arie D. is and was at all times relevant herein a resident of Woodside, New York.

5.  Defendant LSMTI is and was at all times relevant herein a corporation organized and existing under the laws of Canada, with its principle place of business located at 720 Rue Nobel, Saint Jerome, Quebec, Canada J7Z7A3.

6.  On or about April, 2006, Plaintiff was referred to Defendants A & H, Albert D., and Arie D. regarding the sale and distribution of Vehicle Storage Solutions ("VSS units"), when Plaintiff's previous supplier, Rotary, stopped manufacturing VSS

units.

    7.   On or about December, 2006, Plaintiff agreed to become Defendant A & H's Hawai`i dealer/agent for its products so that it could continue to purchase/sell VSS units to its Hawai`i customers.

    8.   On or about July, 2007, Defendant LSMTI entered into an agreement with Defendants A & H, Albert D., and Arie D. to manufacture VSS units for sale.

    9.   On or about November, 2007, Plaintiff contracted to purchase fifteen VSS units for $186,000.00 from Defendants.

    10.   On November 21, 2007, Plaintiff was billed and paid Aloha Freight Forwarders $6,752.20 regarding freight charges pertaining to the VSS units.

    11.   On December 14, 2007, Plaintiff made a partial payment to Defendants in the amount of $62,000.00.

    12.   During December, 2007, Plaintiff sold the VSS units to third-parties in Hawai`i.

    13.   On or about December, 2007, Defendants shipped the fifteen VSS units to Plaintiff in Hawai`i.

    14.   During installation, Plaintiff noticed that the VSS units failed to meet their material specifications.  In particular, the VSS units were manufactured using 1/8 inch steel instead of 5/16 inch steel as promised, which severely compromised the strength and stability of the units.

15.   Defendants A & H, Albert D., and Arie D. admitted to Plaintiff that the VSS units failed to meet the material specifications that they had promised.

16.   Following installation of the VSS units, they began to fail.  At its own cost, Plaintiff was charged with repairing, removing, and/or replacing the VSS units.

17.   On December 13, 2007, Plaintiff incurred labor costs to repair VSS units at Pearlridge Fender in the amount of $4,080.00.

18.   On December 21, 2007, Plaintiff incurred labor costs to repair and remove VSS units at 2050 South King Street in the amount of $6,800.00.

19.   On January 3, 2008, Plaintiff incurred material costs to repair VSS units in the amount of $1,831.91.

20.   On January 22, 2008, Plaintiff incurred material costs to repair leaking VSS units at Pearlridge Fender in the amount of $244.44.

21.   On April 13, 2009, Plaintiff incurred material costs to repair leaking VSS units in the amount of $400.00.

22.   On June 23, 2009, Plaintiff incurred material costs to repair leaking VSS units in the amount of $570.00.

23.   On August 6, 2009, Plaintiff incurred material costs to repair leaking VSS units at Pearlridge Fender in the amount of $402.00.

24.   On August 10, 2009, Plaintiff incurred material costs to repair leaking VSS units in the amount of $402.00.

25.   On September 24, 2009, Plaintiff incurred material costs to repair leaking VSS units at Pearlridge Fender in the amount of $467.83.

26.   In addition, Plaintiff will need to remove and replace six remaining VSS units from various third-parties at a cost of $1,850.00 per unit for a total of $11,100.00.

**A.    Damages**

27.   This Court therefore FINDS that Plaintiff is entitled to the following special damages:

| | |
|---|---|
| freight charges for shipping of VSS units | $ 6,752.20 |
| partial payment for VSS units | $62,000.00 |
| labor and expenses incurred for repair, etc. | $15,198.18 |
| anticipated removal & replacement | $11,100.00 |
| **Total** | **$95,050.38** |

**B.    Costs**

28.   Plaintiff argues that, as the prevailing party, it is entitled to the following costs incurred in this action:

| | |
|---|---|
| postage | $ 72.59 |
| copying | $ 79.00 |
| filing fee | $350.00 |
| sheriff's fee | $210.00 |
| **Total** | **$711.59** |

29.   This Court FINDS that Plaintiff's request for costs is premature because Plaintiff is not yet the prevailing party.  See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute,

these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."); Local Rule LR54.2(a) ("The party entitled to costs shall be the prevailing party in whose favor judgment is entered[.]").

30.   Further, even if this Court were inclined to recommend an award of costs in anticipation of the entry of judgment in Plaintiff's favor, the instant Motion does not satisfy the requirements of Local Rule 54.2.

## RECOMMENDATION

In accordance with the foregoing, this Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Motion for Default Judgment Against Defendants A & H Parking, Inc. dba Easy Park USA, Albert De Lint, Arie De Lint, and Les Soudures Multi-Tech, Inc., filed October 29, 2009, be GRANTED IN PART AND DENIED IN PART. This Court RECOMMENDS that the district judge GRANT Plaintiff default judgment against Defendants, jointly and severally, for NINETY-FIVE THOUSAND FIFTY AND 38-100 DOLLARS ($95,050.38).  This Court further RECOMMENDS that the district judge DENY Plaintiff's request for costs WITHOUT PREJUDICE to the filing of a Bill of Costs in compliance with Local Rule 54.2.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, January 29, 2010.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**MILLER INDUSTRIES, INC. V. A & H PARKING, INC., DBA EASY PARK USA, ET AL**; CIVIL NO. 08-00464 SOM-LEK; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS A & H PARKING, INC., dba EASY PARK USA, ALBERT DE LINT, AIRE DE LINE, AND LES SOUDURES MULTI-TECH, INC.